\*\*NOT FOR PRINTED PUBLICATION\*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN WATERMAN | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 4:13-CV-170 |
| | § | |
| MCKINNEY INDEPENDENT SCHOOL DISTRICT | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

On August 28, 2013, the United States Magistrate Judge issued his report and recommendation [Doc. #21], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted [Doc. #5] be granted in part and denied in part.

Defendant filed its objections to the report and recommendation on September 12, 2013 [Doc. #23]. Plaintiff did not file objections or a response to the objections of the defendant.

Defendant does not challenge the finding of the Magistrate Judge that the plaintiff's Ninth and Fourteenth Amendment claims should be dismissed. However, the defendant objects to the finding of the Magistrate Judge that the plaintiff's First Amendment claim should remain in its entirety. The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes the defendant's objections are without merit and are, therefore, overruled.

Plaintiff sued Defendant for allegedly violating his right to engage in constitutionally protected speech.  Plaintiff's complaint alleges that Plaintiff made the following four reports to his direct supervisor:  (1) social-grading-without-testing of CRC's GED students; (2) the student enrollment at the CRC was improperly being inflated to increase Defendant's state funding by including ineligible students on the CRC's roster or student roll; (3) the CRC facility members were being deprived of their designated lunch periods; and (4) the apparent mishandling of the Teacher of the Year award in 2010-2011, to nominate and elect a favored faculty member in violation of the rules [Doc. #21 at 6; Doc. #23 at 2 n.1].  Defendant contends that at the very least, items numbered 3 and 4 should be dismissed because they relate to matters of private concern.  Defendant asserts that the Magistrate Judge acknowledged that "two of these matters relate to private interests," but still found that all four items deserved First Amendment protection.

The Magistrate Judge found that "[w]hether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole court record" [Doc. #21 at 6 (citing *Teague v. City of Flower Mound, Tex.*, 179 F.3d 377, 380 (5th Cir. 1999)].  The Magistrate Judge concluded that in order to evaluate the nature of Plaintiff's speech, it would be necessary for the court to consider the content, form, and context of the statements made.  The Magistrate Judge found that the factual allegations in the complaint plausibly suggested entitlement to relief on Plaintiff's First Amendment claim, which is all that is necessary to survive a motion to dismiss.  This court agrees.  In order to determine which of Plaintiff's statements constitute matters of public concern, the court must evaluate the content, form, and context of the speech.  Those facts are not currently before the court, and must

be evaluated in a later motion or at trial.  Thus, the court finds that Defendant's objections are overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #21] is hereby adopted, and defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted [Doc. #5] is **GRANTED IN PART** and **DENIED IN PART**.

So **ORDERED** and **SIGNED** this **18** day of **October, 2013.**

_____
Ron Clark, United States District Judge