# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN WATERMAN | § | |
| | § | |
| v. | § | CASE NO. 4:13-CV-170 |
| | § | Judge Clark/Judge Mazzant |
| MCKINNEY INDEPENDENT SCHOOL | § | |
| DISTRICT | § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court are the following motions:

- Plaintiff's Third Opposed Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment (Dkt. #44);

- Plaintiff's Motion for Reconsideration of the Magistrate Judge's Decisions [Documents Numbered 32, 40, 41] (Dkt. #45);

- Plaintiff's Motion of March 12, 2014 for Extension of Time Until and Through March 13, 2014, to File a Response to Defendant's Motion for Summary Judgment (Dkt. #48);

- Plaintiff's Partially Unopposed Motion for Leave to File a Corrected Response to Defendant's Motion for Summary Judgment Out of Time (Dkt. #53);

- Plaintiff's Unopposed Motion for Leave to File Response to Motion for Summary Judgment in Excess of 30 Pages (Dkt. #59);

- Plaintiff's Corrected and Opposed Motion for Leave to File a Supplement to Plaintiff's Evidence in Opposition to Defendant's Motion for Summary Judgment (Dkt. #66);

- Plaintiff's Opposed Motion for Leave to File Sur-Reply to Motion for Summary Judgment in Excess of 10 Pages (Dkt. #67);

- Plaintiff's Corrected Second Opposed Motion for Leave to File Supplemental Exhibits in Opposition to Defendant's Motion for Summary Judgment (Dkt. #69).

After considering the motions, the responses, and the relevant pleadings, the Court finds the following with regard to each motion.

## BACKGROUND

Plaintiff filed this suit against Defendant McKinney Independent School District alleging claims arising under 42 U.S.C. § 1983, for alleged violations of his First, Ninth, and Fourteenth Amendment rights. On May 17, 2013, Defendant filed a motion to dismiss Plaintiff's claims (Dkt. #5-#12). Plaintiff's response was due on June 3, 2013. *See* Eastern District of Texas Local Rule CV-7(e) ("A party opposing a motion has fourteen days from the date the motion was served in which to file a response and any supporting documents, after which the court will consider the submitted motion for decision; L.R. CV-6 (three days added to the prescribed period). On June 20, 2013, Plaintiff filed a motion for leave to file a response to the motion to dismiss (Dkt. #14). The Court granted Plaintiff leave to file his response on June 26, 2013 (Dkt. #15, #18). On August 28, 2013, this Court recommended that Plaintiff's Ninth and Fourteenth Amendment claims be dismissed, but found that Plaintiff's complaint sufficiently alleged a First Amendment claim (Dkt. #21). On December 21, 2013, United States District Judge Ron Clark adopted the opinion of the undersigned, and Plaintiff's Ninth and Fourteenth Amendment claims were dismissed (Dkt. #26).

Defendant filed its motion for summary judgment on January 7, 2014 (Dkt. #28). Plaintiff's response was due on January 24, 2014. L.R. CV-7(e); L.R. CV-6. On January 28, 2014, Plaintiff filed an Opposed Motion for Extentsion [sic] of Time to Respond to Defendant's Motion for Summary Judgment (Dkt. #29). The Court granted in part and denied in part Plaintiff's motion, and allowed Plaintiff until February 28, 2014 to file his response to the summary judgment motion (Dkt. #32). The undersigned found that Plaintiff failed to specify why the twelve additional depositions requested were necessary, especially given the fact that McKinney ISD had already conducted an evidentiary hearing on this matter, and a complete

transcript of the hearing with exhibits already exists. *Id*. Further, the undersigned found that some of the issues raised in the summary judgment brief were pure matters of law, which further discovery would not likely produce additional facts needed to withstand summary judgment. *Id*. In short, the undersigned found that Plaintiff did not satisfy his burden to show that he was entitled to a continuance under Federal Rule of Civil Procedure 56(d). *Id*.

Plaintiff then filed an "objection" to the order of the undersigned granting in part and denying in part his motion (Dkt. #33). Noting that a party may not "object" to a non-dispositive, pretrial order issued by a Magistrate Judge, the undersigned instead construed the motion as a motion to reconsider its prior order (Dkt. #40). The Court noted that Plaintiff had ample time to conduct discovery, but failed to do so. *Id*. As of February 5, 2014, Plaintiff had not sent Defendant any written discovery requests, nor had he taken any depositions, nor had he sent any notices of depositions. *Id*. In addition, Plaintiff had not responded or objected to Defendant's requests for production and interrogatories, which were due January 13, 2014. *Id*. The Court noted Plaintiff's failure to conduct discovery and failure to demonstrate how the additional discovery would allow him to rebut Defendant's summary judgment allegations. *Id*. The Court denied Plaintiff's motion, but allowed him an additional two days to timely file his response to Defendant's motion for summary judgment, extending the deadline to March 7, 2014 (essentially a 42 day extension from the original due date of the response).

Plaintiff also filed a Second Opposed Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment (Dkt. #39). In this motion, Plaintiff asserted that he needed additional time to allow for transcription of deposition testimony that was essential to the response. *Id*. Plaintiff noted that it would take three weeks for the deposition transcripts to arrive. *Id*. The Court denied this motion without waiting for a response (Dkt. #41). In that

opinion, the Court noted that Plaintiff's response was due the next day, the depositions at issue occurred during the prior week, and Plaintiff had ample opportunity to order expedited transcripts of the deposition testimony. *Id.*

We now come to the motions presently before the Court. On March 7, 2014, the day Plaintiff's response to the summary judgment motion was due; Plaintiff filed his Third Opposed Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment (Dkt. #44). The motion asserts that Plaintiff's counsel suffers from chronic atrial fibrillation which causes dizziness, disorientation, and fatigue. *Id.* Plaintiff's counsel was under his physician's care under increased medication to stabilize his condition until March 10, 2014, at which time counsel was scheduled for cardioversion. *Id.* Plaintiff requested an extension until March 12, 2014, to file his response. *Id.* Defendant filed a response in opposition on March 11, 2014 (Dkt. #47). Defendant noted that while it was certainly sympathetic to counsel for Plaintiff's health issues, it was unable to agree to a continuance, and Plaintiff had not met its burden under Rule 56(d). *Id.*

On March 10, 2014, Plaintiff filed a Motion for Reconsideration of the Magistrate Judge's Decisions [Documents numbered 32, 40, 41] (Dkt. #45). In his motion, Plaintiff requests that the Court reconsider its denial of Plaintiff's motions for extension of time to respond to the summary judgment motions. On March 11, 2014, Defendant filed a response in opposition to Plaintiff's request (Dkt. #46).

On March 12, 2014, Plaintiff filed his Motion of March 12, 2014 for Extension of Time Until and through March 13, 2014, to File a Response to Defendant's Motion for Summary Judgment (Dkt. #48). Plaintiff requested an additional day to file his summary judgment response due to his counsel's significant health problems occurring on March 11, 2014. *Id.*

Plaintiff asked that Plaintiff not be penalized for his counsel's condition and noted that counsel could not in good faith submit a deficient brief. *Id*. Defendant filed a response on March 18, 2014, again asserting its sympathy for Plaintiff's counsel's health issues, but opposing a continuance (Dkt. #60).

Plaintiff's counsel clearly worked diligently through the night and filed Defendant's response late in the evening of March 13, 2014, and early into the morning of March 14, 2014 (Dkt. #49, #50, #51, #52 (filed between 11:59 p.m. and 3:26 a.m.)).

On March 14, 2014, Plaintiff filed a Partially Unopposed Motion for Leave to File a Corrected Response to Defendant's Motion for Summary Judgment Out of Time (Dkt. #53, #54, #55, #56, #57, #58). In his motion, Plaintiff indicated that while filing his response the night before, he experienced significant technical difficulties that prevented him from filing the entire motion and exhibits in the appropriate form for the Court. *Id*. Plaintiff requested that the Court grant leave to file a corrected response, which relief was agreed to by Defendant while reserving its opposition to Plaintiff's motions for extension. *Id*.

On March 17, 2014, Plaintiff filed an Unopposed Motion for Leave to File Response to Motion for Summary Judgment in Excess of 30 Pages (Dkt. #59).

On April 1, 2014, Plaintiff filed a Corrected and Opposed Motion for Leave to File a Supplement to Plaintiff's Evidence in Opposition to Defendant's Motion for Summary Judgment (Dkt. #66). In this supplement, Plaintiff requests that he be able to add the depositions of Jan Kennedy, James Davis, and Natasha Knapton, which he received via e-mail. On April 17, 2014, Defendant filed a response (Dkt. #70). On April 25, 2014, Plaintiff filed a reply (Dkt. #73).

Also on April 1, 2014, Plaintiff filed an Opposed Motion for Leave to File Sur-Reply to Motion for Summary Judgment in Excess of 10 Pages (Dkt. #67). Defendant filed a response on

5

April 17, 2014 (Dkt. #71), and Plaintiff filed a reply on April 25, 2014 (Dkt. #74). Defendant filed a sur-reply on May 5, 2014 (Dkt. #76).

On April 3, 2014, Plaintiff filed a Corrected Second Opposed Motion for Leave to File Supplemental Exhibits in Opposition to Defendant's Motion for Summary Judgment (Dkt. #69). In this motion, Plaintiff requests leave to file a video recording included in the MISD Board nonrenewal hearing evidence. This video apparently should have been included in Defendant's exhibits, but does not appear in the record. Plaintiff requests leave to supplement his response with the video file on CD, as well as time-stamped screenshots from the video. On April 21, 2014, Defendant filed its response (Dkt. #72). Defendant does not object to the submission of the video, but objects to the characterization of the contents of the video included in the motion. On April 28, 2014, Plaintiff filed his reply (Dkt. #75).

## ANALYSIS

In his original motion for an extension, Plaintiff sought an additional 60 days to conduct further discovery and file his response. Had the Court granted this extension, Plaintiff's response would have been due March 25, 2014. Plaintiff's response was filed on March 14, 2014, with two subsequent motions to supplement filed on April 1, 2014 and April 3, 2014. Plaintiff now asks this Court to essentially reconsider its decision to deny Plaintiff the relief he originally requested back in January, plus add some additional time due to Plaintiff's requests to supplement.

Federal Rule of Civil Procedure 56(d) states, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." "[Rule 56(d)] is an

essential ingredient of the federal summary judgment scheme and provides a mechanism for dealing with the problem of premature summary judgment motions." *Parakkavetty v. Indus. Int'l, Inc.*, No. 3:02-CV-1461-D, 2004 WL 354317, at *1 (N.D. Tex. Feb. 12, 2004) (citation omitted). "Rule 56(d) functions as a safe harbor that has been built into the rules so that summary judgment is not granted prematurely." *State Farm Fire and Cas., Co. v. Whirlpool Corp.*, No. 3:10-CV-1922-D, 2011 WL 3567466, at *2 (N.D. Tex. Aug. 15, 2011) (citing *Union City Barge Line v. Union Carbide Corp.,* 823 F.2d 129, 136 (5th Cir. 1987)). "It is usually invoked when a party claims that it has had insufficient time for discovery or that the relevant facts are in the exclusive control of the opposing party." *Id*. "Rule 56(d) offers relief where the nonmovant has not had a full opportunity to conduct – not to complete – discovery. The two concepts are distinct." *Id*. (citing *McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991)).

It is not sufficient for a summary judgment nonmovant to allege that discovery is incomplete or that discovery will produce needed but unspecified facts. *See Washington v. Allstate Ins. Co*., 901 F.2d 1281, 1284-85 (5th Cir. 1981). The party must demonstrate "how the additional time will enable [it] to rebut the movant's allegations of no genuine issue of fact." *Id*. at 1286 (internal quotation marks omitted) (quoting *Weir v. Anaconda Co*., 773 F.2d 1073, 1083 (10th Cir. 1985)). A nonmovant is not entitled to a continuance if it "fail[s] to explain what discovery [it] did have, why it was inadequate, and what [it] expected to learn from further discovery" and gives only "vague assertions of the need for additional discovery." *Bauer v. Albemarle Corp*., 169 F.3d 962, 968 (5th Cir. 1999) (internal quotations and citations omitted). Rule 56 does not require that any discovery take place before summary judgment can be granted. *Washington*, 901 F.2d at 1285.

Plaintiff's counsel has experienced some significant health issues in recent years, and moves for a continuance under Rule 56(d) for this and other reasons. Plaintiff's counsel was diagnosed in late 2010 with scar-induced chronic atrial fibrillation. In addition, Plaintiff's counsel was involved in an accident which resulted in a fractured femur (hip) on July 24, 2011. On July 25, 2011, Plaintiff's counsel underwent surgery, resulting in his hospitalization. Plaintiff's administrative hearing occurred in this matter on September 13, 2011. Plaintiff's counsel was unable to attend this hearing because he was still recovering from hip surgery and was unable to drive long distances. Plaintiff's counsel attended the hearing by telephone, and a recent law school graduate attended the hearing in person. Plaintiff contends the hearing was not full and fair, as it was limited to two hours, the Board had previously and privately discussed the management of the hearing, and Plaintiff's counsel was unable to meaningfully participate. In April of 2012, Plaintiff's counsel underwent a cardio oblation, and reconstructive hip surgery in May of 2012. On March 25, 2013, this case was filed. On June 17, 2013, Plaintiff's counsel was again admitted to the hospital for another hip surgery. Plaintiff's counsel was released from his physician's care on September 9, 2013. After being released from his physician's care, Plaintiff's counsel was confronted with a "compressed and whip-sawing professional schedule." On February 28, 2014, Plaintiff's counsel again experienced symptoms of dizziness, disorientation and fatigue, brought about by his chronic atrial fibrillation. Plaintiff's counsel's physician prescribed increased medication to stabilize his condition until March 10, 2014, when he was scheduled for cardioversion and examination by Interventional Cardiology for readmission to Methodist Hospital. On March 10, 2014, Plaintiff's counsel was examined by his physician, received additional medication, and an order to admit to Methodist Hospital at 6:30 a.m. on March 11, 2014, for a cardioversion. That evening Plaintiff's counsel worked on the

response brief, and continued working on the brief early into the morning of March 11, 2014. Plaintiff's counsel was released from the hospital around 12:45 p.m., and returned to his office after a brief rest to continue working on the response brief. His condition worsened, but he continued working on Plaintiff's response brief and he was able to complete the brief and file it late March 13, 2014 and early March 14, 2014. He filed a corrected version on March 14, 2014.

In addition, Plaintiff's counsel indicates that he had several other matters to attend to, such as preparing appellate briefs to the Fifth Circuit, preparing for trials, preparing temporary restraining orders, and other matters made urgent by his continued health conditions.

In his motion for reconsideration, Plaintiff asserts that the additional depositions requested by Plaintiff would demonstrate that Cynthia Morton ("Morton") and Natasha Knapton ("Knapton") were not credible, Dr. Kennedy, Superintendent of McKinney Independent School District, did not know anything about the accusations or investigation, Morton committed numerous rule violations, that Waterman did not do any of the things for which he was terminated, that Waterman did not hear some of the offensive statements and could not have allowed them to occur, Morton did not investigate other claims of sexual harassment made by Knapton, among other factual allegations pertaining to Plaintiff's claim.

The undersigned denied Plaintiff's requests for an extension under Rule 56(d) because (1) Plaintiff had not been diligent in seeking discovery up to the time that the response was due; (2) Plaintiff's attorney exhibited a continued pattern of missing deadlines and not timely responding to discovery; (3) Defendant's motion for summary judgment included many questions of law, making fact discovery unlikely to produce any additional needed facts; (4) Plaintiff's counsel's busy schedule is not a sufficient basis on which to grant a Rule 56(d) request for continuance; and (5) Plaintiff's request for a continuance was based on a need for discovery that was vague

and unspecified and did not meet the requirements for Rule 56(d). The decision of the undersigned was neither clearly erroneous, contrary to law, nor an abuse of discretion. In addition, the undersigned gave Plaintiff's counsel additional opportunities to file the untimely response brief.

This Court has an extremely heavy docket in the Sherman Division, and given the nature of the Sherman docket, the Court must set early dispositive motion deadline dates in order to ensure that it is able to rule on the motions prior to the trial setting of each case. Further, Plaintiff failed to seek any discovery prior to the dispositive motion deadline. In his initial motions, Plaintiff failed to adequately demonstrate what discovery was needed and how the discovery would refute the summary judgment motion. However, the briefing on the summary judgment motion is now complete. The trial of this matter is set for September of 2014.

The Court agrees that it is not likely that Plaintiff will be able to withstand summary judgment if the Court strikes his response as untimely. The Court also agrees that Plaintiff should not be penalized for his counsel's health condition and failure to timely respond to deadlines. "Rule [56(d)] allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990)). "Such motions are broadly favored and should be liberally granted." *Id.* (citation omitted). While the Court does not condone the actions of counsel here, the Court also finds that the failure of counsel to comply with the Court's orders was unintentional and the result of a serious health condition. The Court will not penalize Plaintiff or his counsel for circumstances outside their control, and Plaintiff's response to the summary judgment motion (Dkt. #53, #54, #55, #56, #57, #58) is considered timely filed as of March 14 and 15, 2014.

Defendant does not oppose Plaintiff's Motion for Leave to File a Corrected Response to Defendant's Motion for Summary Judgment Out of Time (Dkt. #53) for the limited purpose of filing a corrected response, and subject to Defendant's previous opposition to Plaintiff's motions for extensions. Defendant also does not oppose Plaintiff's Motion for Leave to File Response to Motion for Summary Judgment in Excess of 30 Pages (Dkt. #59).

In his Corrected and Opposed Motion for Leave to File a Supplement to Plaintiff's Evidence in Opposition to Defendant's Motion for Summary Judgment (Dkt. #66), Plaintiff seeks leave to add the deposition transcripts of Jan Kennedy, James Davis, and Natasha Knapton to the summary judgment evidence. In his response, Defendant had to rely on notes from the depositions, which Defendant objected to, and Plaintiff now seeks to cure any deficiency and submit the transcripts themselves as the best evidence of what was testified to at the depositions. Defendant's only objection to this is that Plaintiff missed the summary judgment response deadline, and this evidence should not be considered. The Court has already stated the reasons why it will allow Plaintiff's response to be considered timely filed. There seems to be no prejudice or harm in allowing this evidence to be added to the record. For these reasons, the Court finds this motion is granted.

In his Opposed Motion for Leave to File Sur-Reply to Motion for Summary Judgment in Excess of 10 Pages (Dkt. #67), Plaintiff seeks leave to file his 21 page sur-reply, which is in excess of the limit provided by the local rules of 10 pages. Plaintiff's sur-reply is in 14-point type font, and the local rules require a minimum of 12-point font, which would reduce the amount of pages somewhat. Plaintiff contends that the "breadth of the issues" required "extensive briefing" on summary judgment. Defendant opposes this request because it has been able to comply with the Court's page limitations. The Court routinely grants leave to file excess

pages in a response, reply, or sur-reply and sees no reason not to do so in this case. Thus, this motion is granted.

In Plaintiff's Corrected Second Opposed Motion for Leave to File Supplemental Exhibits in Opposition to Defendant's Motion for Summary Judgment (Dkt. #69), Plaintiff requests leave to add to the summary judgment record the video recording of the behavior occurring that day in the Pod, as well as time-stamped screenshots from the video. Defendant indicates that it is not opposed to the introduction of the video, but is opposed to the mischaracterization of the facts included in the motion. Defendant contends that the video is the best evidence. Defendant does not mention the time-stamped screenshots. The Court finds that the motion is granted.

## CONCLUSION

Based on the foregoing, the Court finds the following:

- Plaintiff's Third Opposed Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment (Dkt. #44) is **GRANTED**;

- Plaintiff's Motion for Reconsideration of the Magistrate Judge's Decisions [Documents Numbered 32, 40, 41] (Dkt. #45) is **DENIED**;

- Plaintiff's Motion of March 12, 2014 for Extension of Time Until and Through March 13, 2014, to File a Response to Defendant's Motion for Summary Judgment (Dkt. #48) is **GRANTED;**

- Plaintiff's Partially Unopposed Motion for Leave to File a Corrected Response to Defendant's Motion for Summary Judgment Out of Time (Dkt. #53) is **GRANTED**;

- Plaintiff's Unopposed Motion for Leave to File Response to Motion for Summary Judgment in Excess of 30 Pages (Dkt. #59) is **GRANTED**;

- Plaintiff's Corrected and Opposed Motion for Leave to File a Supplement to Plaintiff's Evidence in Opposition to Defendant's Motion for Summary Judgment (Dkt. #66) is **GRANTED**;

- Plaintiff's Opposed Motion for Leave to File Sur-Reply to Motion for Summary Judgment in Excess of 10 Pages (Dkt. #67) is **GRANTED**;

- Plaintiff's Corrected Second Opposed Motion for Leave to File Supplemental Exhibits in Opposition to Defendant's Motion for Summary Judgment (Dkt. #69) is **GRANTED.**

**IT IS SO ORDERED.**

**SIGNED this 11th day of June, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE