IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN WATERMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:13-CV-170-RC-ALM |
| | § | |
| McKINNEY INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S TRIAL BRIEF REGARDING EVIDENCE OF LAW OR POLICY VIOLATIONS BY DEFENDANT'S AGENTS AND EMPLOYEES AND THEIR CHARACTER FOR TRUTHFULNESS**

Plaintiff Brian Waterman submits this Trial Brief regarding items barred by the Court's Rulings on Defendant's Motion in Limine (Doc. 113), and evidence of violations of law and/or policy by Principal Cynthia Morton, Natasha Knapton, and respectfully show the following:

**A.    Attacking & Supporting Statements of Party-Opponent.**

Dr. Davis has testified that he reviewed and adopted the findings of Principal Cynthia Morton, who was assigned to conduct the investigation into alleged sexual harassment by Waterman.  Federal Rule of Evidence 608(a) allows Plaintiff to attack the statements, and also attack declarant's credibility, or reputation for having a character for truthfulness or untruthfulness.

Rule 806, Fed. R. Evid, Attacking and Supporting the Declarant, provided that:

> When a hearsay statement — or a statement described in Rule 801(d)(2)(C), (D), or (E) — has been admitted in evidence, the declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness.  The court may admit evidence of the declarant's inconsistent statement or conduct, regardless of when it occurred or whether the declarant had an opportunity to explain or deny it.  If the

party against whom the statement was admitted calls the declarant as a witness, the party may examine the declarant on the statement as if on cross-examination.

The Rule encompasses statements described in Rule 801(d)(2)(C), (D), or (E):

d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:

(2) *An Opposing Party's Statement*. The statement is offered against an opposing party and:

(A) was made by the party in an individual or representative capacity;

(B) is one the party manifested that it adopted or believed to be true;

**(C) was made by a person whom the party authorized to make a statement on the subject;**

**(D) was made by the party's *agent or employee* on a matter within the scope of that relationship and while it existed; or**

**(E) was made by the party's coconspirator during and in furtherance of the conspiracy.**

The statement must be considered but does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D); or the existence of the conspiracy or participation in it under (E).

The parties have stipulated to the fact that Davis assigned Morton to conduct the investigation into alleged sexual harassment by Waterman, that Davis adopted Morton's findings, and based upon those findings, recommended that Superintendent Kennedy propose Waterman's nonrenewal.[1]  Dr. Davis has already testified during trial that his findings were based on Morton's investigation and findings.   Morton's findings and conclusions were presented in letters to Waterman from Superintendent Kennedy, and from the Board.  Plaintiff should, therefore, be allowed to attack the statements of Morton, and her credibility, under Rule 806, 801(d)(2)(C) and (D).

---

[1] *See* Doc 113, Final Pretrial Order at 11-12, ¶6, stating in part:

In a letter dated April 9, 2011, Dr. Davis provided Waterman a summary of the investigations findings. Davis noted that Morton was assigned the task of investigation; and that based on their findings, Davis's determination was that the findings were sufficient to recommend nonrenewal of Waterman's contract to Dr. J. K. Kennedy, Superintendent of McKinney ISD, in accordance with Board Policies. The letter stated that "based upon evidence gathered during the course of the investigation, the District reached the following findings:"

….

**B.  Evidence not offered to *prove the conduct* of a person by resort to an inference as to his character.**

"[T]he general rule of exclusion in Rule 404(b) only excludes evidence of other crimes when offered to prove the conduct of a person by resort to an inference as to his character." *United States v. Ebron*, 683 F.3d 105, 131-32 (5th Cir. 2012) cert. denied, 134 S. Ct. 512, 187 L. Ed. 2d 365 (2013).

Plaintiff is not offering Morton's acts as proof that she acted badly with respect to Plaintiff's claims.  Rather, Plaintiff is attacking the credibility of Morton, and to challenge the reliability and validity of the investigation into the stated bases for Waterman's termination. This Court has noted that witnesses should not be called twice.  Therefore, Plaintiff must defeat pretext, and address the non-retaliatory reasons Defendant has stated for Mr. Waterman's termination.   Plaintiff seeks to offer violations of policy, and law, that related directly to Morton's duties as an employee and agent of Defendant, and reflect her character for un can not and can not be trusted to complete an appropriate investigation

The general rule of exclusion in rule allowing introduction of prior bad acts for the purpose of proving motive or intent only excludes evidence of other crimes when offered to prove the conduct of a person by resort to an inference as to his character.  FED. EVID. RULE 404(b), 28 U.S.C.A.; *United States v. Ebron*, 683 F.3d 105 (5th Cir. 2012) *cert. denied,* 134 S. Ct. 512, 187 L. Ed. 2d 365 (2013).

Finally, the unreliability of Defendant's investigation bear directly upon proof of retaliatory motivation.  Plaintiff may prove retaliatory motivation, and pretext, by showing that the investigation was unreliable, and/or the findings against him false, or based upon fabricated evidence, that may establish proof of retaliation.  allow an inference of retaliatory motivation.  In addition, the failure of Defendant to discipline other employees, and selective plus unfounded

3

action against Waterman, shows motive and defeats any other proffered reason for nonrenewal. This extends to the Court's Rulings on Defendant's Motion in Limine,  (Doc. 112), regarding violations of rules by Natasha Knapton, who was not punished but in fact received special treatment.

As the Supreme Court explained in *Waters v. Churchill*, 511 U.S. 661, 677-78(1994):

> … Those include the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law.... **Under this commonsense principle, evidence suggesting that a defendant accused of illegal discrimination has chosen to give a false explanation for its actions gives rise to a rational inference that the defendant could be masking its actual, illegal motivation.... if an employment action is based on what an employee supposedly said, and a reasonable supervisor would recognize that there is a substantial likelihood that what was actually said was protected, the manager must tread with a certain amount of care.** This need not be the care with which trials, with their rules of evidence and procedure, are conducted. **It should, however, be the care that a reasonable manager would use before making an employment decision-discharge, suspension, reprimand, or whatever else-of the sort involved in the particular case.  Justice SCALIA correctly points out that such care is normally not constitutionally required unless the employee has a protected property interest in her job**, post, at 1894; *see also Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 576-578, 92 S.Ct. 2701, 2708-2710, 33 L.Ed.2d 548 (1972); **but we believe that the possibility of inadvertently punishing someone for exercising her First Amendment rights makes such care necessary**.

*Id.* at 677-78 (emphases added); *see also, e.g., Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (the employee must present evidence proving the reasons stated by the employer were not its true reasons, but were a pretext for discrimination, or the reasons were not credible.

Respectfully Submitted,

WATTS & COMPANY LAWYERS, LTD.

/s/ *Larry Watts*
Larry Watts
State Bar No. 20981000
Federal I.D. 7092

*Attorney in Charge*
Melissa Azadeh
State Bar No. 24064851
P.O. Box 2214
Missouri City, Texas  77459
Telephone: (281) 431-1500
Facsimile: (877) 797-4055

ATTORNEYS FOR PLAINTIFF
BRIAN WATERMAN

## CERTIFICATE OF SERVICE

I hereby certify that on this the 1st day of October 2014, a true and correct copy of the

foregoing document has been served on opposing counsel by electronically filing same in

accordance with the District's ECF service rules, to:

Charles J. Crawford
Abernathy Roeder Boyd & Joplin, PC
1700 Redbud, Suite 300
McKinney, Texas  75069
(214) 544-4000
(214) 544-4040 (fax)
ccrawford@abernathy-law.com


/s/ *Larry Watts*
Larry Watts